642 S.E.2d 573

**In the Matter of Will Roger HELTON, Respondent.**

**No. 26265.**

Supreme Court of South Carolina.

Heard Jan. 23, 2007.

Decided Feb. 20, 2007.

246

Henry B. Richardson, Jr., Disciplinary Counsel, of Columbia, for the Office of Disciplinary Counsel.

Desa Ballard, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to an indefinite sanction from the practice of law. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent was admitted to the practice of law in South Carolina in 1995. From sometime in 2002 through approximately May 2005, respondent employed several non-lawyer assistants who engaged in the preparation for and closing of residential real estate transactions. It is estimated that respondent and/or his firm closed on average approximately 15

to 20 real estate transactions per month with the number of closings increasing over the period of time.

ODC conducted a review of 125 sample files closed by respondent's firm for a seven month period towards the end of the above-referenced period of time. As a result of that review, ODC concluded that, of the 125 files, approximately 112 were closed by non-lawyer assistants, twelve were closed by respondent, and one was closed by another lawyer.

During the seven month period, respondent personally handled those real estate closings which took place outside of his law office and his non-lawyer assistants (with a possible few minor exceptions) handled the closings which took place in the law office without the presence, assistance, or supervision of respondent or any other licensed attorney (with a possible few minor exceptions). The closings by the non-lawyer assistants were handled without any meaningful supervision by respondent or any other attorney licensed in this state with the non-lawyer assistants preparing the legal documents (deeds, mortgages, and HUD–1 Settlement Statements) and the title insurance commitments and policies. During the seven month period neither respondent nor any other licensed attorney reviewed the closing documents or title abstracts prior to, at, or subsequent to the closing of the transactions and no licensed lawyer was present at the closings. After the closings, the non-lawyer assistants would disburse the proceeds and record the documents without supervision of respondent or any licensed attorney. In most all of the cases, the non-lawyer assistants would sign respondent's name with his knowledge and consent as a witness on deeds, mortgages and other closing documents, as settlement agent on the HUD–1 Settlement Statements, and as agent for the title insurance company on commitments, final title insurance policies, and other title insurance documents. In most cases, respondent had not witnessed the execution of the documents and was out of the office during the executions.

From 2002 through May 2005, after conducting the closings outside of his law office, respondent most often, but not always, brought the executed documents back to his office and had an assistant witness the deeds, mortgages, and other closing documents even though the assistant had not been

present *during the document's execution.* Thereafter, with respondent's knowledge and consent, a notary public employed by respondent notarized the documents signed by the "witness" even though the "witness" had not been present when the documents were executed.

Around July 2005, respondent began the process of winding down his law practice and he ceased conducting real estate transactions. Respondent acknowledges that the winding down of his practice resulted in communication problems and delays in closing files, especially those related to the complainant's company. ODC believes these issues have been or are being resolved with assistance from the staff of respondent's former title insurance company. Respondent has now closed his law office and is not actively engaged in the practice of law.

Respondent represents that his real estate practice grew steadily and substantially between 2002 through May 2005. During this period, respondent moved his law office. Due to unexpected difficulties with the move, the efficiency of his practice was greatly disrupted. The move, along with increasing demands on respondent's schedule, required respondent to attend to non-real estate aspects of his practice and to conduct an increasing number of closings outside his law office, thereby causing respondent to increasingly rely on his non-lawyer assistants to handle the real estate closings conducted at his office as described above. Respondent asserts that the number of closings handled contrary to prescribed procedures were the greatest towards the end of his practice.

## *LAW*

Respondent admits that he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of matter); Rule 4.1(a) (in representing a client, lawyer shall not make false statement of material fact to a third person); Rule 5.3 (lawyer shall make reasonable efforts to ensure non-lawyer's conduct is compatible with professional obligations of lawyer); Rule 5.5

(lawyer shall not assist another in the unauthorized practice of law); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(6) (lawyer shall not violate the oath of office taken upon admission).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.